UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARK SIMMONS, :

            Plaintiff, : REPORT AND RECOMMENDATION

     -v.- : 12 Civ. 1607 (GBD)(GWG)

J C PENNY et al., :

            Defendants. :

------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Plaintiff Mark Simmons filed this lawsuit on March 1, 2012. See Complaint under the Civil Rights Act, filed Mar. 1, 2012 (Docket # 2). He filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which was granted on March 30, 2012. See Request to Proceed In Forma Pauperis, filed Mar. 1, 2012 (Docket # 1). To date service has not been effectuated on the defendants.

     The Court recently learned of the December 12, 2012, opinion of United States District Judge Thomas P. Griesa in another case filed by Simmons, Simmons v. City of New York, 12 Civ. 01614 (annexed hereto). In that opinion, Judge Griesa concludes that plaintiff may not proceed without paying the filing fee because he is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g).

     For the reasons stated in Judge Griesa's opinion, Simmons's in forma pauperis status should be revoked and the case should be dismissed without prejudice unless plaintiff pays the filing fee to the Clerk within 30 days of the order of dismissal.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v.

Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 11, 2013
      New York, New York

                                        GABRIEL W. GORENSTEIN
                                        United States Magistrate Judge

Copy sent to:

Mark Simmons
12-A-0887
Marcy Correctional Facility
Box 3600
Marcy, NY 13403-3600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
:
MARK SIMMONS                         :
            Plaintiff,   :
:      12 Civ. 1614
    v.                              :
:      **ORDER**
CITY OF NEW YORK, et al.,            :
:
            Defendants.  :
:
:
------------------------------------------------x

    Plaintiff Mark Simmons initiated this action with a form complaint filed March 1, 2012. On March 8, 2012, Simmons was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and, accordingly, has been allowed to proceed without paying the fees ordinarily required to bring suit in federal court.

    But a plaintiff may not bring a suit under § 1915 if the plaintiff has already brought three or more suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, unless the plaintiff prisoner is in imminent danger of serious physical injury – the so-called "three-strikes rule." 18 U.S.C. § 1915(g). If a lawsuit is initiated under § 1915 but it later becomes clear that the plaintiff is barred by the three strikes rule, the prior *in forma pauperis* determination is to be

revoked and the suit must be dismissed until the plaintiff has paid the necessary fees. See id; Polanco v. Hopkins, 510 F.3d 152, 155 (2d Cir. 2007).

In this case it is clear that, contrary to the sworn statements in his complaint, Simmons has filed several previous actions related to the facts of this lawsuit or otherwise relating to his imprisonment:

Simmons v. Stoudymire, 11 Civ. 6919 – Simmons initiated this suit from prison on September 27, 2011, alleging that a prison official prevented him from accessing the prison law library. It was dismissed for failure to state a claim for which relief may be granted on October 20, 2011.

Simmons v. Farber, 11 Civ. 7657 – Simmons initiated this suit from prison on October 27, 2011, against the judge who presided over his criminal case alleging certain procedural defects in the proceedings leading to his conviction. It was dismissed on December 14, 2011 pursuant to the doctrine of absolute judicial immunity. Suits dismissed pursuant to this doctrine are considered frivolous for the purposes of the three-strikes rule. Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011).

Simmons v. McGovern, 11 Civ. 7102 – Simmons initiated this suit from prison on November 1, 2011, against his criminal defense attorney alleging carelessness in her representation during the proceedings leading to Simmons' criminal conviction. It was dismissed *sua sponte* on November 17, 2011 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). This provision only permits *sua sponte* dismissal of claims that are frivolous, malicious, fail to state a claim for which relief may be granted, or which seek

2

monetary relief against an official who is immune from such relief. Therefore, by process of elimination, it seems clear to the court that, for the purposes of the three-strikes rule, Simmons v. McGovern was dismissed because it was frivolous. And, in any event, each of these possible grounds for dismissal would count as a strike under § 1915(g).

Therefore, the court concludes that Simmons has exhausted the three strikes that § 1915(g) allows him. And, furthermore, he has not alleged that he is in any danger of injury. Therefore, Simmons' complaint is dismissed without prejudice. He may re-file his complaint, but only if he also pays the required fees.

So ordered.

Dated:  New York, New York
        December 12, 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 12 2012

3