


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARK SIMMONS,

Plaintiff,

-against-

JC PENNY, and JOHN and JANE DOE,

Defendants.

ORDER

12 Civ. 1607 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

Pro se Plaintiff Mark Simmons filed this action while incarcerated on March 1, 2012, alleging that he was falsely arrested on May 13, 2011 because of two JC Penny employees. Plaintiff filed a request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, which was granted on March 30, 2012. ECF No. 6. Subsequent to receiving IFP status, it came to the attention of Magistrate Judge Gabriel Gorenstein, to whom this Court had referred the action, that Plaintiff was barred by the "three strikes" rule from proceeding IFP. See 28 U.S.C. § 1915(g) Magistrate Judge Gorenstein issued a Report and Recommendation on January 14, 2013 recommending dismissal of this action unless Plaintiff pays the $350.00 filing fee.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C).

The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Gorenstein advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Gorenstein properly determined that Plaintiff was not permitted to file this complaint IFP. If a lawsuit is initiated IFP, but it later becomes clear that the plaintiff is barred by the three strikes rule, then the prior IFP determination is to be revoked and the suit must be dismissed until the plaintiff pays the filing fee (unless the prisoner is in imminent danger at the time of filing). 28 U.S.C. § 1915(g); Harris v. City of New York, 607 F.3d 18, 21-22 (2d Cir. 2010). As Judge Thomas Grisea summarized in his December 12, 2012 order in another case that Simmons filed (See Simmons v. City of New York, 12 Civ. 1614, ECF No. 16), Simmons's three strikes are as follows:

1. Simmons v. Stoudymire, 11 Civ. 6919 (alleging denial of access to the prison law library) was dismissed on October 20, 2011 for failure to state a claim.

2. Simmons v. Farber, 11 Civ. 7657 (asserting claims against a judge in his criminal case) was dismissed on December 14, 2011 pursuant to the doctrine of absolute judicial immunity.

3. Simmons v. McGovern, 11 Civ. 7102 (a civil suit alleging that his criminal counsel's performance was deficient) was dismissed on November 17, 2011 for lack of subject matter jurisdiction.

Simmons has exhausted his three strikes and the instant complaint does not allege that he is in any danger of imminent injury.

## Conclusion

Plaintiff's complaint is DISMISSED without prejudice. Plaintiff may re-file his complaint, but only if he pays the required fees within 30 days. The Clerk of the Court is directed to close this case.

Dated: April 1, 2013
New York, New York

SO ORDERED

George B. Daniels

GEORGE B. DANIELS
United States District Judge